**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andres Serrato Garnica, | No. CV-24-00004-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle (Doc. 10) regarding Petitioner's pro se petition for writ of habeas corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 1.) Judge Boyle found that Petitioner's claims are not supported by the record and that he did not demonstrate that the rulings of the Arizona courts were unreasonable or that he was prejudiced by any deficient conduct of counsel. The R&R recommends that the Petition be denied and dismissed with prejudice. (Doc. 10 at 12.)

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (*Id.*) On August 21, 2024, Petitioner filed his objections to the R&R. (Doc. 13.) On September 3, 2024, Respondents filed their response. (Doc. 14.)

/ / /

/ / /

## I.     Background

Petitioner was found guilty by a jury in state court of second-degree murder. (Doc. 9-4 at 95.) On July 10, 2017, Petitioner was sentenced to twenty-five years in prison. (*Id.*) On January 10, 2019, Petitioner's conviction and sentence was affirmed on appeal by the Arizona Court of Appeals. (*Id.* at 93, 101.) Petitioner did not file a petition for review. (*Id.* at 94.)

On May 20, 2019, Petitioner filed a petition for post-conviction relief ("PCR") with the state trial court. (*Id.* at 112.) On January 18, 2022, Petitioner's appointed counsel filed a notice with the court stating that he could "find no meritorious claim for PCR." (*Id.* at 123.) On February 10, 2023, Petitioner filed a pro se PCR claiming ineffective assistance of trial and appellate counsel. (*Id.* at 143–45.) The trial court dismissed the PCR, finding that there were no colorable claims for relief. (*Id.* at 374.) On November 28, 2023, Arizona Court of Appeals granted review but denied relief. (*Id.* at 423.) Petitioner did not seek review with the Arizona Supreme Court. (*Id.* at 425.) He later timely filed his Petition with this court, alleging that his "trial attorney was grossly ineffective in violation of the fifth and sixth amendment." (Doc. 1 at 6.)

## II.     Discussion

Petitioner presents three objections to the R&R. The Court addresses each in turn. For the reasons explained below, all three objections are overruled.

### a.  First Objection

In his first objection, Petitioner argues that the R&R improperly relied solely on the state court record and that it should apply "federal constitutional law." (Doc. 13 at 2.) Petitioner complains that the R&R should have done its own review applying the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984), instead of reviewing whether the state court violated any clearly established law. (*Id.*)

Petitions for habeas relief are governed by 28 U.S.C. § 2254 which provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." A federal court "shall not" grant relief for "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his state PCR, Petitioner challenged the effectiveness of his trial counsel alleging that counsel failed to show that the evidence used to convict Petitioner was untrustworthy because the crime scene had been contaminated before the incriminating evidence had been gathered. (Doc. 9-4 at 143.) The Arizona courts rejected Petitioner's ineffective assistance of counsel claim. (*Id.* at 373–74, 423.) The R&R analyzed the state court's decision in light of the evidence presented in that proceeding. (Doc. 10 at 5–6.) Petitioner's trial counsel introduced evidence that at least two individuals entered the crime scene before the victim's body was discovered and before a search warrant was obtained. (*Id.* at 6.) The issue of crime scene contamination was raised before the jury on three separate occasions. (*Id.*) The R&R correctly concluded that Petitioner failed to establish that the conduct of his attorneys fell below the *Strickland* reasonableness standard. Petitioner failed to establish that the decisions of the Arizona courts were unreasonable in their application of the *Strickland* standards. Petitioner's first objection is overruled.

**b. Second Objection**

In his second objection Petitioner claims that the R&R misstated material facts about the contamination of the crime scene and the fact that his fingerprints were not found on the murder weapon. (Doc. 13 at 5.) Petitioner argues in his objection that those facts were not pled in his Petition and that his Petition pled only one ground for ineffective assistance of counsel—that his "trial attorney was grossly ineffective in violation of the 5th

and 6th amendment." (*Id.*) Attempting to understand his claim, Judge Boyle analyzed the grounds alleged in his state PCR. (Doc. 10 at 7–9.) Having given the Petitioner the benefit of the doubt, despite Petitioner's failure to identify specific facts to support his claim, the R&R correctly found that Petitioner had failed to establish ineffective assistance of counsel. (*Id.* at 8–9.) Petitioner's second objection is overruled.

### c. Third Objection

Petitioner's third objection relies on *Jackson v. Virginia*, 443 U.S. 307 (1979) and asserts that the R&R "vouches" for the state courts, depriving him of an independent, impartial review. (Doc. 13 at 5.) The R&R analyzed the Petition pursuant to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (*See* Doc. 10 at 4.) The R&R properly analyzed the facts and the law. It concluded that the state court decisions were not contrary to, nor did they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. (*Id.* at 11.) No decision at issue was based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding. (*Id.*) Petitioner's "vouching" argument is without merit, and his third objection is overruled.

**IT IS ORDERED** as follows:

1. Petitioner's Objections to the R&R (Doc. 13) are **OVERRULED**.

2. The R&R (Doc. 10) is **ACCEPTED**.

3. The Petition filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED** with prejudice.

4. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified; jurists of reason would not find the ruling debatable; and Petitioner has not made a substantial showing of the denial of a constitutional right.

/ / /

/ / /

/ / /

5.  The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc.1) with prejudice and shall terminate this action.

Dated this 1st day of November, 2024.

Douglas L. Rayes
Senior United States District Judge